UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ANAGNOS,

      Plaintiff,

v.                                                                    Case No: 2:14-cv-350-FtM-38DNF

THE NELSEN RESIDENCE, INC., also
known as Haven of Divine Love, The
Nelsen Residence, Inc., and JEROME
VALENTA,

      Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On March 26, 2015, the Court entered an Order (Doc. 42) permitting counsel for defendant The Nelsen Residence, Inc. to withdraw. The Order explained that because The Nelsen Residence, Inc. is a corporation, it cannot proceed pro se under the law of the Eleventh Circuit. (Doc. 42 p. 1) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)). The Order instructed The Nelsen Residence, Inc. that it must secure new counsel within thirty days if it desired to defend itself in this case. The Order specified that if The Nelsen Residence, Inc. failed to secure counsel in that time, then the Court would recommend that a default be entered against it.

After thirty days passed and The Nelsen Residence, Inc. failed to secure counsel, the Court entered an Order to Show Cause (Doc. 50) on May 19, 2015, requiring The Nelsen Residence, Inc. to show good cause within 14 days for its failure to comply with the Court's Order (Doc. 42) dated March 26, 2015. The Order to Show Cause specified that if The Nelsen Residence, Inc. failed to show good cause within 14 days, the Court would recommend that a clerk's default be entered against it.

On June 4, 2015, The Nelsen Residence, Inc. filed a Response on Order to Show: Request for a 30 Day Extension to Comply with Order (Doc. 52) representing that it has been unable to secure counsel due to the incapacitation of its president, treasurer, chief executive officer, and chairman of the board of directors, Jerome Valenta.  The response also provided that The Nelsen Residence, Inc.'s vice president, Joseph Valenta, is also presently incapacitated due to extensive surgery.  The Nelsen Residence, Inc. "request that the court understand the precarious situation it is in and extend any requirements necessary by the corporation for 30 days in order for Mr. Jerome F. Valenta to recuperate and return to service as the authorized agent of the corporation." (Doc. 52 p. 2).

The Court finds that The Nelsen Residence, Inc.'s response fails to show good cause for its failure to comply with the Court's Order dated March 26, 2015 requiring it to secure counsel and that an additional 30 day extension is unwarranted.  The Nelsen Residence, Inc.'s reason for failing to secure new counsel is unavailing.  As the Court has noted elsewhere, it appears that Jerome Valenta's is not actually incapacitated and is purposefully misleading this Court in order to delay this action.  Mr. Valenta first claimed that his incapacitation prevented him from defending himself and acting as an agent for The Nelsen Residence, Inc. in a filing dated April 7, 2015. (Doc. 43).  At that time, Mr. Valenta claimed that he was in California undergoing medical treatment for a stroke that he suffered on February 14, 2015, and an automobile accident he was involved in in December 2014.  As noted at length by Plaintiff, these representations are inaccurate.  During this alleged incapacitation, Mr. Valenta has been able to perform on-camera interviews with local news media (Doc. 44 p. 7), has received a traffic ticket in Florida (Doc. 44-6), has appeared in-person for hearings in Florida state court cases and otherwise participated in such proceedings (Doc. 44-5; Doc. 53 p. 2), has filed a Statement of Claim in small claims court on behalf of The Nelsen Residence, Inc. (Doc. 54-2), and has been witnessed participating in Cinco de Mayo celebrations at the Haven of Divine Love without showing any evidence of injury or illness from stroke or car

accident. (Doc. 53-2).   Simply put, the Court does not believe Mr. Valenta's claims of incapacitation and will not allow The Nelsen Residence, Inc. additional time to secure counsel on the basis of such misrepresentations.

In addition, even if Jerome Valenta and Joseph Valenta were incapacitated, this fact would not excuse The Nelsen Residence, Inc. from complying with the Court's Order.  "It is black-letter law that a corporation is a 'separate entity, a legal being having an existence separate and distinct from that of its owners.'" *In re Lort*, 347 B.R. 909, 910 (M.D. Fla. 2006) (citing *Krivo Indus. Supply Co. v. National Distillers & Chemical Corp.*, 483 F.2d 1098, 1102 (5th Cir. 1973)).  The fact that an officer of the corporation becomes incapacitated does not excuse the corporation with complying with the requirements of the law or the orders of the Court.  For these reasons,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

The District Court direct the clerk to enter a default against The Nelsen Residence, Inc.

**Respectfully recommended** in Chambers in Fort Myers, Florida on June 18, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02

Copies furnished to:

Counsel of Record
Unrepresented Parties