UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ANAGNOS, an individual

    Plaintiff,

v.                                    Case No:   2:14-cv-350-FtM-38MRM

THE NELSEN RESIDENCE, INC. and
JEROME VALENTA,

    Defendants.
_____/

# ORDER[1]

This matter comes before the Court on United States Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #55) filed on June 18, 2015, recommending that the Court direct the Clerk of the Court to enter a clerk's default against Defendant The Nelsen Residence, Inc.  Defendant Jerome Valenta filed an Objection to the Report and Recommendation on July 1, 2015.  (Doc. #57).  The matter is now ripe for review.

## Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); *see also* *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982).   When a party objects to proposed findings or

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

recommendations made in the report, the district judge must conduct a *de novo* review. § 636(b)(1). Even in the absence of an objection, the district judge reviews legal conclusions *de novo*. See Cooper-Houston v. So. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## Discussion

On June 18, 2015, Magistrate Judge Frazier entered a Report and Recommendation, recommending that the Court direct the Clerk to enter a clerk's default against Defendant The Nelsen Residence, Inc. The basis for this recommendation was that Defendant The Nelsen Residence, Inc. has repeatedly failed to comply with previous Orders that directed it to secure counsel to respond to the allegations asserted against it in this action, as it cannot proceed *pro se*. (Doc. #55). Since the Report and Recommendation was entered, Defendant The Nelsen Residence, Inc. has yet to secure counsel or file an objection.

There was, however, an Objection filed by the other Defendant in this action, Jerome Valenta, on July 1, 2015.[2] (Doc. #57). To the extent Defendant Valenta filed this Objection in his capacity as an Officer of Defendant The Nelsen Residence, Inc., this Objection was procedurally improper. It is "well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). And building on this long-standing principle, Local Rule 2.03(e) provides that "a corporation may appear and be heard only through counsel admitted to practice in the

---

[2] Defendant Valenta subsequently filed a Supplement to his Objection (Doc. #59) and an additional Notice of Objection (Doc. #60) on July 6, 2015. But neither filing provides any substantive argument beyond that already asserted in his original Objection and addressed in this Order.

Court. . . ." Defendant Valenta is not admitted to practice law, and therefore cannot file the instant Objection on behalf of Defendant The Nelsen Residence, Inc.

Notwithstanding the above analysis, the Court finds the substantive arguments presented in Defendant Valenta's Objection unpersuasive. In his Objection, Defendant Valenta continues to allege that he was incapacitated, making it impossible for him to secure counsel for Defendant The Nelsen Residence, Inc. But among these allegations, Defendant Valenta admits that he has appeared and filed notices and motions in Florida state court (in an action against Plaintiff Michael Anagnos nonetheless) during this same time period. (Doc. #57 at 2). This is just one fact, among many, that undermines Defendant Valenta's incapacity allegations.

Nevertheless, even if Defendant Valenta has been incapacitated since Magistrate Judge Frazier first ordered Defendant The Nelsen Residence, Inc. to secure counsel on March 26, 2015, this does not excuse its failure to do so. As Magistrate Judge Frazier noted, "a corporation is a separate entity, a legal being having an existence separate and distinct from that of its owners." *Krivo Indus. Supply Co. v. Nat'l Distillers & Chem. Corp., 483 F.2d 1098, 1102 (5th Cir. 1973)*.[3] Defendant Valenta's June 4, 2015 Response illustrates that there are five Officers and Directors of Defendant The Nelson Residence, Inc. beyond himself. (Doc. #52-1). Seemingly, any one of these five individuals could attempt to secure counsel for Defendant The Nelsen Residence, Inc. even if Defendant Valenta was as incapacitated as he alleges.

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court has given Defendant The Nelsen Residence, Inc. numerous opportunities to secure counsel to respond to the allegations asserted against it in this action. Instead of using the Court's continued leniency to its advantage, it has made no progress in securing counsel. Pursuant to Federal Rule of Civil Procedure 55(a), because Defendant The Nelsen Residence, Inc., a party against whom a judgment for affirmative relief is sought, has failed to plead or otherwise defend, the Clerk must enter a default against it.

Accordingly, it is now

**ORDERED:**

1. Defendant Jerome Valenta's Objection (Doc. #57) is **OVERRULED**.

2. Magistrate Judge Frazier's Report and Recommendation (Doc. #55) is **ACCEPTED and ADOPTED** and the findings are incorporated herein.

3. The Clerk of the Court is hereby directed to enter a Clerk's Default against Defendant The Nelsen Residence, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida, this 7th day of July, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record