UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ANAGNOS, an individual

        Plaintiff,

v.                                  Case No:   2:14-cv-350-FtM-38MRM

THE NELSEN RESIDENCE, INC. and
JEROME VALENTA,

        Defendants.

_____/

## ORDER[1]

This matter comes before the Court on Defendant Jerome Valenta's Notice of Motion and Motion for a Redetermination of Order (Doc. #63) filed on July 14, 2015, which the Court construes as a Motion to Set Aside Clerk's Default. Upon review of the merits of the Motion, the Court finds it does not need a response from Plaintiff Michael Anagnos. Therefore, the matter is ripe for review.

### Discussion

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). There is no exact formula to set aside an entry of default for good cause. *Vivid Entm't, LLC v. Baserva*, No. 2:13-cv-524-FtM-29DNF, 2015 WL 476169, at *2 (M.D. Fla. Feb. 5, 2015). Rather, the Court must take the following factors into consideration: (1) whether the default was willful; (2)

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

whether Defendant Valenta acted promptly to correct the default; (3) whether Plaintiff Anagnos would be prejudiced; (4) whether Defendant Valenta has a meritorious defense; and (5) whether the public interest is implicated. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). But "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 951-52.

Defendant Valenta requests this Court to reconsider its Order, which directed the Clerk to enter a Clerk's Default against Defendant The Nelsen Residence, Inc. (Doc. #61). Specifically, Defendant Valenta contends that the death of his brother and the "detrimental acts of Plaintiff and Plaintiff's counsel" have caused him to be overwhelmed with his duties and responsibilities as a Director and Officer of Defendant The Nelsen Residence, Inc. (Doc. #63, at 2). As this Court has previously noted, however, Defendant The Nelsen Residence Inc. was provided numerous opportunities to secure counsel, dating back to March 2015. (Doc. #61, at 4). Despite these opportunities, it made no progress in securing counsel. (Doc. #61, at 4). Nor has that fact changed today. While the Court sympathizes with the death of Defendant Valenta's brother, this alone does not justify vacating the Clerk's Default. The Court once again notes that there are five Officers and Directors of Defendant The Nelson Residence, Inc. other than Defendant Valenta; any of these individuals could have attempted to secure counsel in Defendant Valenta's stead, but no such effort was made. (Doc. #52-1). Consequently, this Court finds Defendant The Nelsen Residence, Inc. willfully defaulted by displaying a reckless disregard for the judicial proceedings, and denies the instant Motion.

The Court also warns Defendant Valenta, once again, that pursuant to M.D. Fla. Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in the Court . . . ."  *See also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (It is "well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"). The Court will deny any future filings made on behalf of Defendant The Nelsen Residence, Inc. by any *pro se* parties, including Defendant Valenta.

Accordingly, it is now

**ORDERED:**

Defendant Jerome Valenta's Motion to Set Aside Clerk's Default (Doc. #63) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 15th day of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record