UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ANAGNOS, an individual

       Plaintiff,

v.                                            Case No:  2:14-cv-350-FtM-38MRM

THE NELSEN RESIDENCE, INC. and
JEROME VALENTA,

       Defendants.
_____/

## ORDER[1]

       This matter comes before the Court on review of the docket.  On March 26, 2015, the Court granted a motion for Defendants' counsel to withdrawal.  (Doc. #42).  In that Order, the Court warned Defendant The Nelsen Residence, Inc. that as a corporation, it was not allowed to proceed *pro se* and must therefore secure new counsel.  (Doc. #42).  After nearly two months, the Court ordered Defendant The Nelsen Residence, Inc. to show cause as to why it had yet to secure new counsel.  (Doc. #50).  Defendant The Nelsen Residence, Inc. attempted to show cause, but the Court found its explanation unpersuasive and directed the Clerk to enter a Clerk's default against it.  (Doc. #55; Doc. #61).  The Clerk followed the Court's instruction and entered a Clerk's Default against Defendant The Nelsen Residence, Inc. shortly thereafter.  (Doc. #62).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Recently, however, an attorney named Alan F. Hamisch filed a Notice of Appearance on behalf of Defendant The Nelsen Residence, Inc. (Doc. #70). Because the Clerk's Default was entered only as a sanction for Defendant The Nelsen Residence, Inc.'s failure to secure new counsel, Mr. Hamisch's appearance as counsel for this Defendant warrants rescinding the Clerk's Default at this time. The Clerk of the Court is hereby directed to set aside the Clerk's Default entered against Defendant The Nelsen Residence, Inc. on July 9, 2015 (Doc. #62). *See* Fed. R. Civ. P. 55(c); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003) (explaining that the district court may *sua sponte* set aside a default entered against a party under Rule 55 so long as the default was not a final default judgment and there is good cause for doing so).

Accordingly, it is now

**ORDERED:**

The Clerk of the Court is hereby directed to set aside the Clerk's Default entered against Defendant The Nelsen Residence, Inc. on July 9, 2015 (Doc. #62).

**DONE** and **ORDERED** in Fort Myers, Florida, this 17th day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record